1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   JOHN JOVANOVICH and
JOVANOVICH SUPPLY CO., INC., a
11   Washington corporation,

12                         Plaintiffs,

13           v.

14   REDDEN MARINE SUPPLY, INC.,

15                         Defendant.

CASE NO. C10-924-RSM

ORDER GRANTING PLAINTIFF'S
MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 41(A)(2)

16                              **I. INTRODUCTION**

17        This matter comes before the Court upon Plaintiffs' Motion for Voluntary Dismissal

18   Pursuant to Fed. R. Civ. P. 41(a)(2) and For an Order Terminating Remaining Discovery

19   Proceedings (Dkt. # 55).  For the reasons set forth below, Plaintiffs' motion is GRANTED in

20   part and DENIED in part.

21                              **II. DISCUSSION**

22   **A.  Background**

23        The patent at issue is U.S. Patent No. 5,819,464 (the "'464 patent"), entitled "Condition-

24   adaptable colored fishing net."  The patent describes a fishing net comprised of a single, large net

1    panel of a color capable of blending in water in certain lighting and water conditions and, created

2    on that net panel, different size and shape areas of different colors, also capable of blending in

3    water in certain lighting and water conditions.  '464 Patent, 1:58-68.  On June 4, 2010, plaintiffs

4    filed a complaint alleging that defendant was importing, offering to sell, and selling condition-

5    adaptable, colored fishing nets manufactured and distributed by Osada Fishing Net Co., Ltd. and

6    by Nagaura Net Co., Inc. that infringed one or more claims of the '464 patent.  Dkt. # 1.

7    Defendant counterclaimed seeking declaratory judgments of invalidity and noninfringement and

8    asserting a claim for false marking under 35 U.S.C. § 292.  Dkt. # 10.

9        On April 28, 2011, defendant moved to amend its answer to withdraw the counterclaim

10   alleging false marking and to assert a new claim of inequitable conduct.  To support its allegation

11   of inequitable conduct, defendant alleged that "material prior art was withheld that contradicted

12   statements that plaintiff John Jovanovich and his attorney made to the Patent Office".  Dkt. # 28.

13   The Court granted defendant's leave to amend.  Dkt. # 42.  Defendant filed its amended answer,

14   asserting counterclaims for declaratory judgments of invalidity, noninfringement, and inequitable

15   conduct shortly thereafter.  Dkt. # 43.  On May 27, 2011, the Court held a Markman Hearing on

16   disputed claim terms.  The Court issued its order on claim construction on June 7, 2011. Dkt. #

17   47.

18       Now before the Court is plaintiffs' motion to dismiss all claims and counterclaims in the

19   present action.  Plaintiffs assert that, "[b]ased on the Court's Order on Claim Construction…

20   plaintiffs hereby irrevocably and unconditionally covenant not to sue defendant for infringement

21   of any claim of the '464 patent based upon any colored fishing net products currently or

22   previously manufactured, used, sold, offered for sale, or imported into the United States by

23   defendant."  Dkt. # 55, p. 1.  Plaintiffs seek dismissal of all of its claims with prejudice;

24

1  dismissal of defendant's counterclaims without prejudice; and an order terminating all discovery

2  proceedings.  Plaintiffs argue that the covenant not to sue together with the dismissal of its

3  claims divest the Court of subject matter jurisdiction over defendant's declaratory judgment

4  counterclaims.

5    Defendant does not oppose dismissal of plaintiffs' claims and agrees that the Court no

6  longer has jurisdiction over its declaratory judgment counterclaims for noninfringement and

7  invalidity.  However, defendant argues that it may still pursue a claim for attorneys fees pursuant

8  to 35 U.S.C. § 285 and, because that claim is predicated on an argument of inequitable conduct,

9  the Court retains jurisdiction over its declaratory judgment claim of unenforceability.

10  **B.  Analysis**

11    A federal district court may exercise subject matter jurisdiction over a declaratory

12  judgment action only where there is "a substantial controversy, between parties having adverse

13  legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

14  judgment."  *Presier v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975).

15  "Without an underlying legal cause of action, any adverse economic interest that the declaratory

16  plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient

17  to confer declaratory judgment jurisdiction."  *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495

18  F.3d 1340, 1344 (Fed. Cir. 2007) (quoting *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 441

19  F.3d 936, 943 (Fed.Cir.2006)).  Accordingly, as the parties here concede, plaintiffs' dismissal of

20  all claims against defendant and covenant not to sue on the '464 patent with respect to any of

21  defendant's current or previously manufactured products deprives this court of jurisdiction over

22  defendant's counterclaims for declaratory relief as to invalidity and noninfringement.

23  Nonetheless, at issue here is whether defendant's counterclaim for attorney's fees under 35

24

1  U.S.C. § 285, as it is predicated on an allegation of inequitable conduct, vests the Court with

2  jurisdiction to consider defendant's counterclaim for a declaratory judgment of unenforceability.

3      Addressing this very issue, the Federal Circuit has held that, even where a district court

4  no longer retains jurisdiction with respect to "patent-related counterclaims," 35 U.S.C. § 285

5  serves as an independent basis for the exercise of jurisdiction over a claim for attorneys fees:

> While the covenant [not to sue for infringement] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, the covenant does not deprive the district court of jurisdiction to determine the disposition of ... the request for attorney fees under 35 U.S.C. § 285.

9  *Monsanto Co. v. Bayer Bioscience N.V.*, 514 F.3d 1229, 1242 (9th Cir. 2008) (quoting *Highway*

10  *Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n. 1 (Fed.Cir.2006)).  Furthermore, "jurisdiction

11  to decide whether a patent was obtained through inequitable conduct necessarily includes the

12  jurisdiction to declare a patent unenforceable as a result of that inequitable conduct." *Id.* at 1243.

13  The precedent leaves the Court with little doubt that it has jurisdiction under § 285 to consider

14  defendant's allegations of inequitable conduct as to the withdrawn patents.

15      Plaintiff attempts to distinguish *Monsanto* from the present controversy on the basis that

16  this matter has yet to proceed to trial or even summary judgment.  However, this argument

17  misses the mark.  A line of cases beginning with *Super Sack Mfg. Corp. v. Chase Packaging*

18  *Corp.* established a general rule that subject matter jurisdiction in a district court ends for

19  declaratory judgment counterclaims when a plaintiff enters a dismissal based on a covenant not

20  to sue.  *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1060 (Fed. Cir.

21  1995); *see also Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333,

22  1342 (Fed. Cir. 2001).   A series of cases then established exceptions to this rule.  For example,

23  an exception may exist where the covenant not to sue is not broad enough to cover all of

24  defendant's products that exist at the time of the covenant and therefore will not eliminate the

1  "actual controversy" between the parties.  *See e.g., Amana Refrigeration, Inc. v. Quadlux, Inc.*,

2  172 F.3d 852, 855 (Fed.Cir.1999); *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 556 F.3d

3  1294, 1298 (Fed. Cir. 2009).  Another exception, relevant to plaintiffs' argument in the instant

4  matter, is the exception for a covenant not to sue that is entered after the court has entered a

5  judgment of noninfringement.  *See Fort James Corp. v. Solo Cup Co.,* 412 F.3d 1340 (Fed. Cir.

6  2005).  In *Fort James,* the Federal Circuit held that, where a covenant not to sue was entered-

7  post verdict, the covenant "had no effect on Fort James's claim for infringement, because that

8  controversy had already been resolved by the jury's verdict." *Id.* at 1348.

9         The exception articulated in *Fort James* is inapposite to the dispute before the Court.

10  *Fort James* articulates an exception to the rule that a court cannot retain jurisdiction over

11  declaratory judgment counterclaims once the patent-holder has entered a sufficiently broad

12  covenant not to sue.  *Fort James* does not address whether a court has an *independent basis* for

13  exercising jurisdiction when a claim is brought under 35 U.S.C. § 285.  This very different

14  question is addressed by *Monsanto,* in which the Federal Circuit unequivocally states that such

15  an independent basis for jurisdiction in fact exists.  *See Monsanto*, 514 F.3d at 1242.

16         While the Court retains jurisdiction to consider defendant's request for attorney's fees

17  under § 285, the question remains whether the Court should retain jurisdiction over defendant's

18  counterclaim for a declaratory judgment of unenforceability or whether the Court should dismiss

19  this counterclaim and consider defendant's allegations of inequitable conduct in the context of a

20  motion for attorneys fees.  District courts seem to be split on this issue.  In *Gordon-Darby*

21  *Systems, Inc. v. Applus Technologies, Inc.,* the district court saw "no basis for retaining

22  jurisdiction over a declaratory judgment claim for unenforceability after a covenant not to sue

23  has been filed and agreed upon by the parties."  2010 WL 5419068, at *2 (N.D. Ill. Dec. 23,

24

2010).  However, in light of *Monsanto,* it granted the defendant leave to move for fees and costs under 35 U.S.C. § 285 and stated that "we may progress to a theory of inequitable conduct (and therefore ultimately unenforceability) as required in that context, if that remains the Defendant's intention." *Id.* at *4.   On the other end of the spectrum, the Central District of California, also analyzing *Monsanto,* held that the "Defendant would be sorely mistaken" if it "[w]ere …to assume that its covenants not to sue divested the Court of jurisdiction over plaintiff's claim for declaratory judgment of unenforceability." *U.S. Rubber Recycling, Inc. v. Encore International, Inc.,* 2011 WL 311014, at *6 (C.D. Cal. Jan. 7, 2011).

Indeed, the language in *Monsanto* is not clear as to the precise point of whether a district court retains jurisdiction over a counterclaim seeking a declaratory judgment of unenforceability when a defendant seeks attorneys fees under § 285 on the basis of inequitable conduct, or whether the court may determine whether inequitable conduct has occurred merely in the context of a § 285 motion.  On the one hand, *Monsanto* suggests that the covenant divests the district court over *any* counterclaims seeking declaratory relief:

> Even if filing such a covenant may <u>divest the court of jurisdiction over a declaratory judgment action regarding these patents</u> … under our precedent the district court retained independent jurisdiction over Monsanto's request for attorneys fees under 35 U.S.C. §285.

*Monsanto,* 514 F.3d at 1242 (emphasis added).  *See also Gordon-Darby,* 2010 WL 5419068 at *2 ("The point here is that the *Monsanto* court was considering jurisdictional issues related to declaratory judgment claims of unenforceability, and plainly lumped them in with non-infringement and invalidity claims.  The court understood unenforceability declarations as failing for jurisdiction right along with those other claims.").  On the other hand, once a district count enters a finding of inequitable conduct, the patent is automatically rendered unenforceable.  *See Kingsdown Medical Consultants, Ltd. v. Hollister Inc.,* 863 F.2d 867, 877 (Fed. Cir. 1988) (en

1    banc in pertinent part). To this end, *Monsanto* explicitly provides that a district court that retains

2    jurisdiction only by way of a § 285 claim for attorneys fees retains jurisdiction to *declare* a

3    patent unenforceable:

4          [J]urisdiction to decide whether a patent was obtained through inequitable
conduct <u>necessarily includes the jurisdiction to declare a patent unenforceable</u> as a

5          result of that inequitable conduct.

6    *Monsanto,* 514 F.3d at 1243 (emphasis added).

7          Ultimately, the Court finds the language of *Monsanto* best supports defendant's position

8    as *Monsanto* explicitly provides that a district court has jurisdiction to "*declare* a patent

9    unenforceable." Since any request for attorney's fees under § 285 that is predicated on

10    allegations of inequitable conduct implicates the enforceability of plaintiff's patent, the Court

11    retains jurisdiction over defendant's counterclaim for a declaratory judgment of unenforceability

12    as to the '464 patent.

### III. CONCLUSION

14          Having considered the briefing, all exhibits and declarations attached thereto, and the

15    remainder of the record, the Court hereby finds and ORDERS:

16       (1) Plaintiff's Motion for Voluntary Dismissal and for an Order Terminating Discovery

17            (Dkt. # 55) is hereby GRANTED in part and DENIED in part.

18       (2) Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

19       (3) Defendant's counterclaims for a declaratory judgment that the '464 patent is invalid

20            and for a declaratory judgment of noninfringement are hereby DISMISSED

21            WITHOUT PREJUDICE. The Court does not dismiss defendant's counterclaim for a

22            declaratory judgment that the patent in suit is unenforceable. The court does not

23            dismiss defendant's claim for attorneys' fees under 35 U.S.C. § 285.

24

1    (4) All discovery is terminated except as it relates to defendant's remaining claims.

2    (5) The Clerk is directed to forward a copy of this Order to all counsel of record.

3       Dated this 13 day of September 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE