UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN JOVANOVICH, an individual; and JOVANOVICH SUPPLY CO., INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>REDDEN MARINE SUPPLY, INC., a Washington corporation,<br><br>Defendant. | CASE NO. C10-924-RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL |

## I. INTRODUCTION

This matter comes before the Court upon Defendant's Motion to Compel (Dkt. # 53). On August 8, 2011, Plaintiffs John Jovanovich and Jovanovich Supply Co., Inc. moved for a voluntary dismissal of all claims against Defendant Redden Marine Supply, Inc. Dkt. 55. The Court granted Plaintiffs' motion, but retains jurisdiction over the case pursuant to Defendant's 35 U.S.C. § 285 request for attorneys fees and related counterclaim for a declaratory judgment based on allegations of inequitable conduct. Dkt. 64. In accordance with the Court's dismissal of Plaintiffs' claims, Defendant voluntarily withdraws its motion to compel with respect to its

Interrogatory Nos. 10 and 11. Therefore, the Court considers only Defendant's motion to compel as it relates to its Interrogatory Nos. 5 through 9 and its Requests for Admission Nos. 38 through 59.

## II. DISCUSSION

**A. Requests for Admission**

Fed. R. Civ. P. 36(a)(6) provides that a "requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that the answer be served." Defendant argues that three of Plaintiffs' objections to Requests for Admission ("RFAs") Nos. 38 through 59 are insufficient. The three objections at issue are:

1. Plaintiffs' objection that the RFAs are "overly broad, vague and ambiguous, and to the extent that it seeks to impute or engraft an understanding of '464 patent claim elements and associated claim construction definitions with respect to colored fishing net prior art preceding the issuance of the '464 patent or otherwise seeks a legal conclusion." *See generally* Dkt. 54, Ex. B.

2. Plaintiffs' objection that "Jovanovich business and invoice records related to Amikan produced in this case are voluminous and speak for themselves." *Id.*

3. Plaintiffs' objection that "the term 'Amikan Prior Art' as being vague, ambiguous and overly broad." *Id.*

The Court will refer to the above objections as Plaintiffs' "First Objection", "Second Objection", and "Third Objection", respectively.

Plaintiffs' First Objection is insufficient. The RFAs at issue are not broad, vague and ambiguous. For example, RFA No. 39 asks Plaintiffs to "[a]dmit that as of January 26, 1998, Mr. Jovanovich was aware that Amikan Prior Art included fishing nets with more than ten

colored areas." Dkt. 54, Ex. B, p. 22. The Court has reviewed the other twenty RFAs and finds them similarly narrow, specific, and unambiguous. Moreover, pursuant to the Court's April 29, 2011 Order, RFAs pertaining to how Plaintiff applies claim elements to real and not hypothetical net configurations are proper. Dkt. 34. Under the same logic, an objection based on the fact that Plaintiff must apply its understanding of '464 patent claim elements on actual prior art net configurations is improper.

Plaintiffs' Second Objection is likewise insufficient. Jovanovich business records may shed light on the knowledge or lack of knowledge attributable to Jovanovich Supply Co., Inc., but they cannot answer the question of whether Mr. Jovanovich – the person – was aware of certain aspects of the Amikan Prior Art as of the dates set forth in the RFAs.

Finally, Plaintiffs' Third Objection is also insufficient. "Prior Art Figures" is not "vague, ambiguous and overly broad" because it is defined in Defendant's Fourth Discovery Requests and Requests for Admission as "the figures labeled 'PRIOR ART' and produced as JOV000222." Dkt. 54, Ex. B, p. 3

**B. Interrogatories**

Defendant's third set of discovery requests contained 37 RFAs and a single interrogatory, Interrogatory No. 4, that asked the Plaintiffs to explain the basis for any answer to the RFAs that was not an unqualified admission. Dkt. 54, Ex. C, p. 21. Plaintiffs objected to Interrogatory No. 4 and refused to answer it on the basis that it contained thirty seven separate and discrete subparts and thereby exceeded the 25 interrogatories allowed under Fed. R. Civ. P. 33(a):

> INTERROGATORY NO. 4: For each of the Requests for Admission 1 through 37 to which you respond with anything other than an unqualified admission, state in detail the reason for that response.
> ANSWER: Jovanovich incorporates by reference into this response the General Objections stated above. Jovanovich further incorporates by reference objections stated above in response to Request for Admission Nos. 1-37. Jovanovich also objects to this interrogatory as containing thirty-seven separate and discrete

> subparts; accordingly, defendant has exceeded the number of interrogatories allowed under Rule 33 of the Federal Rules of Civil Procedure. Moreover, Jovanovich further objects to this interrogatory as improperly asking the plaintiffs to explain response to a full set of requests for admissions in one interrogatory.

*Id.* Plaintiffs did not otherwise respond to Interrogatory No. 4.

On July 15, 2011, Redden served its Fourth Discovery Requests, which included Interrogatories Nos. 5 through 11. Plaintiff refused to answer these interrogatories on the basis that they were beyond the scope of discovery allowed under Fed. R. Civ. P. 33(a)(1). Dkt. 54, Ex. B, pp. 13-15.

The Court agrees with the reasoning of the Central District of California in *Safeco of America v. Rawstron,* 181 F.R.D. 441 (C.D.Cal. 1998), in which it determined that "an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions usually should be construed as containing a subpart for each request for admission contained in the set." *Rawstron,* 181 F.R.D. at 446. The district court reached this conclusion upon analyzing the respective purposes of requests for admission under Fed. R. Civ. P. 36 and interrogatories served under Fed. R. Civ. P. 33. *Id.* at 445. While interrogatories are "a valuable discovery tool," requests for admission are not intended to be used to obtain discovery, but to narrow the issues for trial. *Id.* at 443. *See also Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir.1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); Advisory Committee Note to 1970 Amendment to Fed.R.Civ.P. 36, 48 F.R.D. 531–532 (1970) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

1    Because of the different purposes behind interrogatories and requests for admission, a
2 limit on the number of interrogatories that may be served was imposed in 1993, but no such limit
3 was imposed on requests for admission. *See Rawstron,* 181 F.R.D. at 443.  Given that
4 interrogatories are numerically limited, whereas requests for admission are not, it would be
5 inequitable to allow a party to effectively use a combination of requests for admission and a
6 single interrogatory to obtain discovery information.  Accordingly, "a strong presumption that
7 each underlying request for admission constitutes a separately countable subpart should be
8 adopted.  Though it falls slightly short of constituting a bright-line test, such a presumption will
9 tend to conserve litigants' resources by making it relatively clear what is and is not permitted,
10 and will tend to avoid "sap[ping] the court's limited resources in order to resolve hypertechnical
11 disputes." Ginn, 137 F.R.D. at 322. *Rawstron,* 181 F.R.D. at 446 (quoting *Ginn v. Gemini, Inc.*,
12 137 F.R.D. 320, 322 (D.Nev.1991)).

13    The Court hereby finds that Defendant's Interrogatory No. 4, which asked for a response
14 regarding every RFA in which Plaintiffs responded with anything other than an unqualified
15 admission, effectively constituted 37 interrogatories.  (Plaintiffs did not respond to any of the
16 RFAs with unqualified admissions.)   Rule 33 permits no more than 25 written interrogatories,
17 including all discrete subparts, unless otherwise stipulated or ordered by the court.  Accordingly,
18 Defendant exceeded the number of Interrogatories permitted to be served under Rule 33.

19    Defendant argues that Plaintiff must respond to Interrogatories Nos. 5 through 9 even if
20 Interrogatory No. 4 is counted as 37 separate interrogatories because Plaintiffs did not in fact
21 respond to Interrogatory No. 4.  Therefore, Plaintiffs have not yet answered 25 interrogatories
22 and must answer the later interrogatories served by Defendant.  The Court disagrees.

The language of Rule 33 does not limit the amount of interrogatories the Plaintiff answers, but the amount of interrogatories served. Several district courts have concluded the 1993 amendment to Rule 33(a) only permits a party to "serve" up to 25 interrogatories in the absence of a local rule or prior court order allowing service of a greater number. *See e.g. Capacchione, id.; Hilt v. SFC Inc.,* 170 F.R.D. 182, 186 (D.Kan. 1997); *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586 (C.D.Cal. 1999); *Paananen v. Cellco Partnership*, 2009 WL 3327227, 5 (W.D.Wash. 2009) ("the best rule, and the one this Court applies here, is that a responding party must answer the first 25 interrogatories"). *See also McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448, 449–50 (D.Conn.1996) (holding a party who served interrogatories with 26 subparts violates the numerical limit and must seek leave of court before serving said interrogatories regardless of whether interrogatories had been served previously). Therefore, while it is not before the Court on Defendant's motion, Plaintiffs should have responded to each of the subparts of Interrogatory No. 4, in order, up to Defendant's limit of 25 interrogatories. Plaintiffs are not required to respond interrogatories Nos. 5 through 11. Further, Defendant may not serve additional interrogatories without Plaintiffs' agreement or leave of the Court. Fed. R. Civ. P. 33(a)

**C.  Attorneys' Fees**

Having granted Defendant's motion in part, and denied it in part, the Court does not award attorneys' fees to either side.

### III. CONCLUSION

The Court, having reviewed Defendant's Motion to Compel, Plaintiffs' Response, Defendant's Reply, the declarations and exhibits attached to each, and the remainder of the record, hereby finds and ORDERS:

1  (1) Defendant's Motion to Compel (Dkt. # 53) is GRANTED in part and DENIED in part.

2  (2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated September 26, 2011.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE